UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FIONA G. LAYTON,<br><br>Defendant. | Case No.  6:24-po-00421-HBK-1<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR REMOTE APPEARANCE<br><br>(Doc. No. 5) |

On October 15, 2024, defendant submitted a request for a video appearance for her/his November 6, 2024 continued initial appearance.[1] (Doc. No. 3).  On May 18, 2024, defendant was charged with two petty offenses:  Violation No. E2070391, for allegedly violating 36 CFR §2.10(b)(10), camping outside of designated site or area and issued a bailable citation in the amount of $200 plus a $30 processing fee for a total amount of $230 (Doc. No. 1); and Violation No. E2070392, for allegedly violating 36 CFR §2.32(a)(2), failure to obey a lawful order and issued a bailable citation in the amount of $500 plus a $30 processing fee for a total amount of $530 (Doc. No. 3).  The Violation Notices, General Order 627, and Federal Rule Criminal Procedure 58(d) provides a defendant with the option to post a fixed sum in lieu of a personal appearance.  It is within a defendant's right to appear at an initial appearance to contest a

---

[1] On September 26, 2024, at the request of the Defendant, the October 1, 2024 Initial Appearance was continued to November 6, 2024.  (Doc. No. 4).

violation and not pay the fixed sum fine.

On a defendant's consent, video conferencing may be used to conduct initial appearances, arraignments, pleas, trials and sentencing for misdemeanor offenses. Fed. R. Crim. P. 10(c); 43(b)(2).[2] This Court, within its discretion, has a preference to forego the use of video teleconferences for criminal proceedings because criminal proceedings require a certain solemnity, and the physical presence of all parties contributes to the fairness, integrity, and public function of the proceeding. *United States v. Ramos-Gonzales*, 857 F.3d 727, 732 n. 6 (5th Cir. 2017). And due to its location, this Court regularly experiences technological issues with remote appearances. Further, to the extent the Court finds sufficient circumstances to warrant a remote appearance, the Court generally requires the defendant to appear remotely for an initial appearance from the closest federal court, not from a defendant's home or elsewhere.

Here, defendant provides no reason why a video request is necessary (*See* Doc. No. 5 stating only "Will not be able to appear in person."). Further, the Court notes that defendant lists her/his address of record as "Berkely, CA." and does not find distance to be an obstacle.

Accordingly, it is **ORDERED**:

Defendant's request to appear via video conference for the November 6, 2024 continued initial appearance (Doc. No. 5) is DENIED.

Dated:   October 17, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] General Order No. 662, which authorized the use of videoconference technology in certain criminal proceedings under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, has expired.

2